FILED
SUPERIOR COURT
OF GUAM

2019 JUN 17 PM 2:25

CLERK OF COURT

BY:

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO: CF0216-18 |
| vs. | DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT |
| DRE ANTONIO FLORES,<br>DOB:08/31/1999, | |
| Defendant. | |

## Introduction

This matter came before the Honorable Maria T. Cenzon on February 11 and March 25, 2019 for a hearing on Dre Antonio Flores's ("Defendant") Motion to Dismiss the Indictment ("Motion to Dismiss") filed on December 26, 2018. Defense Attorney John Morrison of the Alternate Public Defender Corporation represents Defendant. Assistant Attorney General Basil O'Mallan represents the People of Guam (the "People"). After the hearing held on March 25, 2019, the Court took the matter Under Advisement pursuant to the Local Rules of the Superior Court of Guam. Having heard the parties' oral arguments and reviewed the record and relevant law, the Court now issues this Decision and Order DENYING Defendant's Motion to Dismiss the Indictment.

## Background

The indictment alleges the following offenses: Charge One AGGRAVATED ASSAULT (as a 2nd Degree Felony) with a *Special Allegation:* Possession or Use of a Deadly Weapon in the Commission of a Felony and Charge Two AGGRAVATED ASSAULT (as a 3rd Degree Felony) with a *Special Allegation:* Possession or Use of a Deadly Weapon in the Commission of a Felony. Indictment (Apr. 26, 2018). Defendant is accused of stabbing the alleged victims

JoeShawn Aguon and Ian Otobed. Decl. of Jeremiah Luther (Apr. 7, 2018). As presented during the hearing of the motion, witness accounts allege that two groups of males had an altercation which led to a fight and that the Defendant's group was the aggressor in the confrontation. *Id.*

On December 26, 2018, the Defendant moved to Dismiss the Indictment: [for] Grand Jury Irregularities. The Court set the matter for a hearing on the Motion to Dismiss on February 11, 2019. *See* Amended CR 1.1 Form 3 (Jan. 24, 2019). On February 8, 2019, Defendant filed a Supplemental Notice of Filing re: Discovery and Pending Motions. In this supplemental filing the Defendant objected to any late filing recognizing that the government's opposition to the instant motion elapsed on January 9, 2019. The Court received the government's unfiled opposition via e-mail dated February 9, 2019, a copy of which was also sent to Defense Counsel.[1]

During the scheduled hearing on the motion on February 11, 2019, the Court acknowledged receipt of the government's emailed opposition. However, the Court rejected the unfiled response because it contained primarily conclusory statements and failed to advance any substantive arguments. During the hearing, however, the Court instructed the government to file an opposition supported by facts and the law and provided Defense Counsel an opportunity to respond to the government's opposition as well as consider providing case authority that contemplates self-defense as exculpatory evidence under Guam's grand jury proceedings statute.

On February 19, 2019, the government filed its written opposition and on March 1, 2019 the Defense filed its Reply. The Court held oral argument on the Motion to Dismiss on March 25, 2019 prior to taking the matter under advisement.

## Discussion

Defendant moves this Court to dismiss the indictment based on grand jury irregularities, raising three distinct arguments in support of the instant motion: (1) that the government failed to present exculpatory evidence in their possession, (2) the government failed to instruct the grand

---

[1] See Minute Entry (Feb. 11, 2019). The Court did not previously grant or instruct the People to submit a response by E-mail, as it might and previously has done when circumstances warranted a shortened time to reply, such as in an asserted case. This was not such a situation.

jury on self-defense, and (3) the indictment is not based on competent evidence. Mot. to Dismiss, at p. 1. In addition, Defense counsel also objected to the government's tardy filing of its opposition. The Court will address each argument below.

### A. Court has authority to extend filing date

As a preliminary matter, the Court hereby addresses Defense counsel's objection to the government's tardy filing of its opposition. The opposition was due on January 9, 2019, however, an un-filed opposition was sent via e-mail to the Court at 1:30 p.m. on the due date, without Court approval of such method of submission. During the February 11 hearing, however, the Court found that more thorough briefing and argument was required from both parties, the Court extended the briefing deadlines for the People and Defendant to February 22, 2019 and March 1, 2019, respectively. Under CR 1.1(e) relevant dates and such scheduling order or portions shall not be vacated or changed without good cause determined by the assigned judge and described on the record orally or in writing. In CR 1.1(f) If a party is unable to comply with the established schedule despite its diligence, that party shall move for a reasonable extension of time, specifically setting forth the basis for the requested extension, which shall be considered by the court in determining good cause pursuant to subsection (e) above.

The Court afforded both parties an opportunity to provide supplementary case authority in support of their respective positions. The Court finds that its need for additional authority in order to dispose of the motion provided good cause for the Court allow an extension of the filing date. Therefore, the Court will OVERRULE the Defendant's objection to the People's opposition filed on February 19, 2019.

### B. Failure to present witness statements that defendant acted in self-defense and that defendant did not have a knife

The Defendant moves to dismiss the indictment arguing first that the people have failed to present exculpatory evidence to the grand jury as required under 8 GCA § 50.46. The alleged exculpatory evidence which was *not presented* to the grand jury were statements by Anthony Wabol, Briana Lizama, and Jose Benavente. To summarize the defense's position, the witnesses

allege that the Defendant and his brother were being attacked by up to five adults and were, therefore, acting in self-defense. Additionally, it is argued that none of these witnesses saw the Defendant with a knife. Mot. to Dismiss, at p. 6. Defendant argues that "the government only presented the side of it [to the grand jury] that they wanted to." *Id*. at p. 4.

### 1. Self-defense does not negate elements of offenses charged

The Court will first examine the statements purportedly made by these witnesses, that the Defendant and his brother were being attacked by up to five adults and were acting in self-defense during the incident in question. Mot. to Dismiss, at p. 6. Defendant argues that evidence that a person acted in self-defense is the strongest possible type of exculpatory evidence. *Id*. at p. 6. Defendant further argues that withholding self-defense evidence from the grand jury is problematic because if it had been presented, the grand jury would not have been able to indict based on the elements alone. Defendant posits that as to Charge 1, the grand jury had to find there was probable cause to that the defendant acted with extreme indifference to the value of human life and that this would have been difficult to demonstrate if the grand jury heard statements that the Defendant was acting in self-defense. *Id*.

Guam law requires the prosecuting attorney to submit to the grand jury "any evidence in his or her possession which would tend to **negate guilt**." 8 GCA § 50.46 (2005)(emphasis added); see *People v. Sablan*, 1986 WL 68900 *3 (D. Guam App. Div. 1986) (explaining that § 50.46 is based on § 939.7 of the California Penal Code, which the California Supreme Court has interpreted to require the prosecutor to provide exculpatory evidence to the grand jury). The prosecutor's obligation extends to evidence which tends to negate guilt, but does not require informing the grand jury of lesser included offenses, nor does it require providing the grand jury with evidence establishing an affirmative defense. *People v. Grajo*, 1987 WL 109393 *2 (D. Guam App. Div. 1987); *People v. Sablan*, 1986 WL 68900 *3 (D. Guam App. Div. 1986) (citing *People v. Snow*, 72 Cal.App. 3d 950 (1977)). While the only case law on point in this jurisdiction comes from the District of Guam Appellate Division, it is still controlling unless overturned by the Guam Supreme Court. *In Re Camacho* 2006 Guam 5 (quoting *People v. Quenga*, 1997 Guam

6). Defendant points to no case where the court dismissed an indictment based on the prosecutor withholding evidence of self-defense from the Grand Jury. Instead, Defendant relies on various case authorities requiring a self-defense instruction for a petit jury, which is markedly different from the present situtation.[2]

Even if the Court were to have found that the failure to present evidence of self-defense affirmative defense was erroneous – which it was not – the defense would have to establish that he was prejudiced by such error. The Court recognizes that dismissal of indictment prior to trial based on the government's failure to present exculpatory evidence to a grand jury is warranted only upon a showing that the defendant is substantially prejudiced by that error. This Court has previously adopted the "reasonably probable" standard applied in *Berardi*.[3] This standard is used to determine whether prejudice is substantial requiring that the record must reflect "a probability that a properly informed jury would not have found probable cause to indict." *Berardi v. Superior Court*, 149 Cal. App. 4th at 493-494. This analysis requires a consideration of the relative strengths and weaknesses of the evidence supporting the probable cause finding necessary to indict and the undisclosed exculpatory evidence. *Id.* at 494.

Upon examining the record, the Court finds no dismissal is required. The prosecutor had no requirement to present the statements in support of a theory for self-defense because such evidence does not *negate* an element of the crimes alleged. The Court rejects Defendant's arguments and finds that there is sufficient evidence for the grand jury to find probable cause that the Defendant acted with extreme reckless indifference to human life based on the alleged statements that the Defendant purportedly used a knife during the underlying incident. In *People v. Chin Song,* extreme indifference to human life is defined as a "conscious[] disregard [of] a

---

[2] Defendant cites to *Savage v. State* which held that self-defense is exculpatory evidence under *Brady v. Maryland,* 373 U.S. 83, and a new trial is warranted upon a finding that the State withheld such evidence from defense counsel. 600 So 2d. 405 (1992). The facts of Savage are distinguishable here because there is no allegation that such facts were withheld from defense counsel. Defendant then cites to *Booth v. State* which held that it is reversible error when a trial court refuses to instruct the "petit" jury on self-defense. 679 S.W. 2d 498 (2002).

[3] CF0066-16; *People v. Barcinas* Consolidated Decision and Order: Defendant's Motion to Dismiss Indictment and Depose Alleged Victim (Jun. 26, 2017).

substantial and unjustifiable risk that death will result from his conduct..." *People v. Chin Song*, 2012 Guam 21 ¶ 36. The *Chin Song* court further opined that "[s]ome conduct almost always carries a substantial risk of death, such as engaging another person in a fight with a deadly weapon or firing a gun at another person." *Id.*

As argued by the People, even if the alleged exculpatory statements had some evidentiary value showing the Defendant was not the aggressor, this would not necessarily justify, excuse or clear the Defendant from the charges. People's Opp. at p.3. "The use of force upon or toward another person is justifiable when the defendant believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." 9 GCA § 7.84. The use of deadly force is not justifiable if the person knows that he can avoid the necessity of using deadly force with complete safety by retreating. *Id.* at § 7.86 (b)(2). There are limits on the use of deadly force for self-defense under Guam's Self-Defense Statute. While this evidence may be material to the outcome of a trial, Defendant cited to no authority stating such evidence is material to the outcome of a grand jury deliberation.

### 2. Statements regarding Defendant possessing a knife is not exculpatory

The Court will now examine the statements from Ms. Lizama and Mr. Benavente as suggested by Defendant that neither of them observed the Defendant with a knife. Defendant argues that had the grand jury learned of these facts, they may have called additional witnesses or had subpoenas issued until they were satisfied who actually possessed the knife. Mot. to Dismiss at p. 7. As a preliminary matter, the Court recognizes "the fact that the record can support a finding of probable cause does not mean there is no reasonable probability the jury would have rejected such a finding." *Berardi v. Superior Court*, 149 Cal. App. 4th at 497. Nevertheless, the Court must still determine that "the prosecution's disclosure to the grand jury was inadequate and inaccurate, and the disclosure deficiencies seriously interfered with the grand jury's investigatory function, undermining its independence." *Id.* at 481.

In *Berardi*, the court dismissed the indictment because the prosecution withheld a statement from an alleged co-actor that the Defendant was "not involved" in the shooting and that a witness disclosed to the government her intent to lie about the Defendant's involvement. *Id.* at 496. Additionally, the *Berardi* court disagreed with the prosecution's summarization of the co-actor's statement. *Id.* The *Berardi* court held the summarization incorrectly suggested an agreement to commit murder. *Id.*

Unlike in *Berardi*, the prosecution in this case did not withhold alleged statements discrediting a potential material witness. Defendant conceded that Ms. Lizama and Mr. Benavente only witnessed the initial altercation and left when things "degraded in to a melee." Def.'s Mot. to Dismiss at p. 4. Therefore, the fact that these witnesses did not see the Defendant with a knife prior to the fight is neither helpful nor hurtful to the grand jury's determination. Further, Defendant also conceded that evidence was presented to the grand jury that a knife was used during the fight. Therefore, Ms. Lizama's statement that she did not see *anybody* with a knife at the inception of the fight would have been irrelevant.[4] This statement would not have been useful to a reasonable grand jury since there are other evidence that a knife was in fact used during the incident. When taken as a whole, the Court finds the prosecution's failure to disclose Ms. Lizama and Mr. Benavente's statements do not portray inadequate or inaccurate recollection of the incident. *Berardi v. Superior Court*, 149 Cal. App. 4th at 481.

### C. Government is not required to instruct the grand jury on self-defense

The People argue that the prosecutor is under no obligation to introduce evidence of affirmative defenses which might be available, such as self-defense or insanity. The Court agrees. The District of Guam Appellate Division adopted a distinction between evidence that directly negates an essential element of the crime (which should be the subject of mandatory disclosure) and evidence that supports an affirmative defense (which a prosecutor need not

---

[4] Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." 6 G.C.A. § 401

produce).[5] The Court will not divert from precedent from the Appellate Division of the District Court of Guam unless and until the Guam Supreme Court addresses the issue. *In Re Camacho* 2006 Guam 5 (quoting *People v. Quenga*, 1997 Guam 6) (emphasis added).

"The prosecutor's duty consists of fairly presenting all the evidence available," but the prosecutor is not required to explain the significance of the evidence. *People v. Grajo*, 1987 WL 109393 *2 (D. Guam App. 1987). Dismissal of the charge to which the exculpatory evidence was relevant is an appropriate remedy if the People fail to present materially exculpatory evidence to the grand jury. See *People v. Grajo*, 1987 WL 109393 *2 (D. Guam App. 1987); See also *People v. Sablan*, 1986 WL 68900 *3-5 (D. Guam App. 1986). The Court in *Grajo* declined to overturn the conviction because it determined the indictment had been proper.

Assuming arguendo that the People had a duty to present the self-defense evidence, the Court finds the People do not have a duty to instruct the grand jury on self-defense. As to his other arguments, Defendant fails to cite to any authority creating such a requirement. The Court adopts the holding in *Grajo* and finds the prosecutor has no duty to explain the significance of the evidence. *People v. Grajo*, 1987 WL 109393 *2 (D. Guam App. 1987).

**D. Indictment based on hearsay does not warrant dismissal**

Defendant relies on 8 GCA § 50.42 and requests this Court to dismiss the indictment because it the testimony received by the grand jury was not admissible evidence. Defendant argues the indictment was based almost entirely on hearsay, since the only evidence proffered to the grand jury were the testimony of two police officers who told the grand jury what people told them and what people told people who then told the police. Mot. to Dismiss, at p. 11.

The provision which Defendant seeks to challenge the competency of the evidence received by the grand jury operates with the caveat that "the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury." 8 G.C.A. § 50.42.

---

[5] *People v. Grajo*, 1987 WL 109393 *2 (D. Guam App. Div. 1987); *People v. Sablan*, 1986 WL 68900 *3 (D. Guam App. Div. 1986) (citing *People v. Snow*, 72 Cal.App. 3d 950 (1977)).

The Supreme Court of the United States has found that allowance for trial courts to review findings of a grand jury "would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules." *Costello v. U.S., 350 U.S. 359, 364 (1956)*. In that vein, the *Costello* court opined: "No case has been cited nor have we been able to find any, furnishing an authority for looking into and revising the judgment of the grand jury upon the evidence, for the purpose of determining whether or not the finding was founded upon sufficient proof..." (quoting *U.S. v. Reed*, 27 Fed.Cas. pages 727, 738, No. 16,134).

The note in Section 50.42 providing "A Grand Jury indictment *will not be overturned* because it was based on hearsay testimony. It was the intent of the amendment to this section (§ 50.42) that less than 'admissible' evidence is required before the grand jury. Compiler's Note cited in case." (emphasis added). The Court finds *People v. Quidachay* is controlling, as specifically addressed in *In Re Camacho*.[6] Since *People v. Quidachay* remains controlling, the Court will not overturn the Grand Jury indictment merely because it was based on hearsay testimony.

## Conclusion

For these reasons, the Court will DENY Defendant's Motion to Dismiss Indictment.

SO ORDERED this _____ JUN 1 7 2019

SERVICE VIA COURT L
I acknowledge that a copy of th.
original hereto was placed in the
court box of:
DAGS &) APO

Date: 6|17|19 Time: 2:30p

Deputy Clerk, Superior Court of Guam

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

---

[6] Holding "[p]recedent [from the Appellate Division of the District Court of Guam] that was extant when [the Guam Supreme Court] became operational continues *unless and until* [the Guam Supreme Court] address the issues discussed there. [The Guam Supreme Court] will not divert from such precedents unless reason supports such deviation." 2006 Guam 5 (quoting *People v. Quenga*, 1997 Guam 6) (emphasis added).